## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANTHONY JOHNSON                                          CIVIL ACTION

VERSUS                                                  NO. 21-595-JWD-RLB

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 26, 2024.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY JOHNSON**                                             **CIVIL ACTION**

**VERSUS**                                                      **NO. 21-595-JWD-RLB**

**LOUISIANA DEPARTMENT OF**
**PUBLIC SAFETY AND CORRECTIONS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 21, 2023, dismissal of the plaintiff's Eighth Amendment claim and his claims against the Louisiana Depart of Public Safety and Corrections were affirmed by the Fifth Circuit Court of Appeals. Dismissal of the plaintiff's Fourth Amendment claim was vacated and remanded. *See* R. Doc. 47. On January 15, 2024, this matter was referred back to the Magistrate Judge for the issuance of another report and recommendation. Accordingly, the Court will again consider Motion to Dismiss filed on behalf of defendants James Arnold, and Luke Rheams (R. Doc. 15) as it pertains to the plaintiff's Fourth Amendment claim. The Motion is opposed. *See* R. Docs. 19 and 27.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding, against the moving defendants, complaining that his constitutional rights were violated in connection with a strip search. He seeks monetary relief.

The defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

In his Complaint, as amended, the plaintiff alleges the following: On or about February 1, 2021, the plaintiff was ordered to submit to a completely nude strip search. The search was recorded by a female officer. The plaintiff was ordered to bend over, cough, lift his genitals, and spread his arms and legs wide while his back was to the camera. Defendants Arnold and Rheams

were both present. Defendant Rheams ordered both the search and for the female officer to record the search after she initially refused. Defendant Rheams smiled during the entire event. Plaintiff alleges that department policies forbid the presence of female officers during a strip search of a male offender. Plaintiff asserts that the search was inappropriate and malicious.

Due to the harassment, humiliation, and embarrassment suffered the plaintiff is suffering from a physiological injury which requires him to take medication so he can sleep without having nightmares about defendant Rheams. The plaintiff has also suffered a setback in his rehabilitation.

## Qualified Immunity

The defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. The plaintiff's allegations, accepted as true, state a claim upon which relief may be granted.

**Fourth Amendment Claim**

"Strip and body cavity searches are 'searches' of 'persons' under the meaning of the Fourth Amendment" and as such, must be reasonable. *Henry v. Hulett*, 969 F.3d 769, 776 (7th Cir. 2020); *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). There is no explicit definition used to determine when a search is reasonable or unreasonable; instead, each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails," which requires an examination of "the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted." *Id.* at 559.

Although a search under the Fourth Amendment must be reasonable, Fifth Circuit jurisprudence is clear that "reasonableness" in the prison context is analyzed using a different standard. Because of the exaggerated safety concerns in prisons, "[c]ourts ordinarily should defer to prison officials, if a policy is reasonably related to legitimate security objectives and there is no substantial evidence to indicate that prison officials have exaggerated their response to security considerations." *Parker v. Woods*, 834 F. App'x 92, 95 (5th Cir. 2020). Therefore, because of the great deference afforded to prisons, the "burden of proving reasonableness [in the prison context] is a light burden." *Elliot v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). Moreover, "[w]hen evaluating the security policies adopted by prison administrators, the court is not required to apply a least restrictive means test." *Id.*

In evaluating a prisoner's claim for an unconstitutional search, the court must first look to whether the prison had a legitimate need to perform the search. *Bell*, 441 U.S. at 546. Courts have said that "[a] detention facility is a unique place fraught with serious dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id.* at 540. Accordingly, courts have explained that "[c]ontrolling the flow of contraband and ensuring institutional security are legitimate penological objectives." *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017).

In the instant matter, the plaintiff asserts that the search was malicious. Accepting the plaintiff's allegation as true, it appears there was no legitimate need to perform the search. As such, the plaintiff has stated a claim for a violation of his Fourth Amendment rights.

### Violation of Prison Rules

To the extent the plaintiff makes reference to a violation of prison rules, the law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006), *quoting Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1253 (5th Cir. 1989).

### Compensatory Damages

Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. The plaintiff may be entitled to recover nominal or punitive damages if he establishes some constitutional violation by the defendants to merit such recovery. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

**Supplemental Jurisdiction**

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Court decline the exercise of supplemental jurisdiction, and that defendants' Motion to Dismiss (R. Doc. 15) be granted, in part dismissing the plaintiff's claims for violations of prison rules and compensatory damages. It is further recommended that the parties be given 90 days from the date of this Court's Ruling on the Motion to Dismiss (R. Doc. 15) to complete all discovery and 120 days to file Cross Motions for Summary Judgment, and that this matter be referred back to the magistrate judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on February 26, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**