## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANTHONY JOHNSON                                              CIVIL ACTION

VERSUS                                                       NO. 21-595-JWD-RLB

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTHONY JOHNSON                                          CIVIL ACTION

VERSUS                                                  NO. 21-595-JWD-RLB

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the remaining defendants' Motion for Summary Judgment (R. Doc. 78). The Motion is opposed. *See* R. Doc. 80.

### Procedural History

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP") filed this proceeding, against the moving defendants, complaining that his constitutional rights were violated in connection with a strip search. He seeks monetary relief.

On December 21, 2023, dismissal of the plaintiff's Eighth Amendment claim and his claims against the Louisiana Department of Public Safety and Corrections were affirmed by the Fifth Circuit Court of Appeals. Dismissal of the plaintiff's Fourth Amendment claim was vacated and remanded. *See* R. Doc. 47. On January 15, 2024, this matter was referred back to the Magistrate Judge for the issuance of another report and recommendation.

On February 26, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the plaintiff's claims for violation of prison rules and for compensatory damages be dismissed and that supplemental jurisdiction be declined. *See* R. Doc. 49. On March 26, 2024, the Report was reviewed, and the Recommendation was adopted. *See* R. Doc. 53. As such, the only remaining claim before the Court is the plaintiff's claim for nominal and punitive damages asserted against defendants Luke Rheams and James Arnold for an alleged violation of his Fourth Amendment rights due to an unreasonable strip search.

**Defendants' Motion**

The remaining defendants move for summary judgment relying upon the pleadings, a
Statement of Undisputed Facts, the Deposition of the plaintiff, the Declaration of Luke Rheams, the
Declaration of James Arnold, a certified copy of LSP Directive 09.003 – Searches of Offenders, and
the plaintiff's Disciplinary Appeal. In opposition to the defendants' Motion, the plaintiff relies upon
the pleadings, his Deposition, his disciplinary proceedings, and his administrative remedy
proceedings.

**Summary Judgment Standard**

Pursuant to well-established legal principles, summary judgment is appropriate where there
is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as
a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317
(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary
judgment must inform the Court of the basis for the motion and identify those portions of the
pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if
any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*,
477 U.S. at 323.

If the moving party carries its burden of proof under Rule 56, the opposing party must direct
the Court's attention to specific evidence in the record which demonstrates that the non-moving
party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty
Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to
alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a
mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather,
Rule 56 mandates that summary judgment be entered against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### Plaintiff's Allegations

In his Complaint, as amended, the plaintiff alleges the following: On or about February 1, 2021, the plaintiff was ordered to submit to a completely nude strip search. The search was recorded by a female officer. The plaintiff was ordered to bend over, cough, lift his genitals, and spread his arms and legs wide while his back was to the camera. Defendants Arnold and Rheams were both present. Defendant Rheams ordered both the search and for the female officer to record the search after she initially refused. Defendant Rheams smiled during the entire event. Plaintiff alleges that department policies forbid the presence of female officers during a strip search of a male offender. Plaintiff asserts that the search was inappropriate and malicious.

Due to the harassment, humiliation, and embarrassment suffered, the plaintiff is suffering from a physiological injury which requires him to take medication so he can sleep without having nightmares about defendant Rheams. The plaintiff has also suffered a setback in his rehabilitation.

### Qualified Immunity

The defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*,

473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first

step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to

the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second,

the district court looks to whether the rights allegedly violated were clearly established. *Id.* This

inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad,

general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional

right was clearly established is whether it would have been clear to a reasonable state official that

his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion

should be granted in part and denied in part. Genuine disputed issues as to the need/justification for

the strip search remain with regards to the plaintiff's claim against defendant Rheams.

### Fourth Amendment Claim

"Strip and body cavity searches are 'searches' of 'persons' under the meaning of the Fourth

Amendment" and as such, must be reasonable. *Henry v. Hulett*, 969 F.3d 769, 776 (7th Cir. 2020);

*Bell v. Wolfish*, 441 U.S. 520, 558 (1979). There is no explicit definition used to determine when a

search is reasonable or unreasonable; instead, each case "requires a balancing of the need for the

particular search against the invasion of personal rights that the search entails," which requires an

examination of "the scope of the particular intrusion, the manner in which it was conducted, the

justification for initiating it, and the place in which it was conducted." *Id.* at 559.

Although a search under the Fourth Amendment must be reasonable, Fifth Circuit

jurisprudence is clear that "reasonableness" in the prison context is analyzed using a different

standard. Because of the exaggerated safety concerns in prisons, "[c]ourts ordinarily should defer to

prison officials, if a policy is reasonably related to legitimate security objectives and there is no

substantial evidence to indicate that prison officials have exaggerated their response to security

considerations." *Parker v. Woods*, 834 F. App'x 92, 95 (5th Cir. 2020). Therefore, because of the great deference afforded to prisons, the "burden of proving reasonableness [in the prison context] is a light burden." *Elliot v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). Moreover, "[w]hen evaluating the security policies adopted by prison administrators, the court is not required to apply a least restrictive means test." *Id.*

In evaluating a prisoner's claim for an unconstitutional search, the court must first look to whether the prison had a legitimate need to perform the search. *Bell*, 441 U.S. at 546. Courts have said that "[a] detention facility is a unique place fraught with serious dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id.* at 540. Accordingly, courts have explained that "[c]ontrolling the flow of contraband and ensuring institutional security are legitimate penological objectives." *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017).

### Competing Versions of Events

The summary judgment record supports competing versions of events for the need and/or justification for the strip search. In his Declaration, defendant Rheams asserts that on February 1, 2021, he was making rounds on Raven 3 when he encountered the plaintiff who was being disruptive and exhibiting defiance, disobedience, and disrespect. Plaintiff had stated, "B*tch, I have a lawsuit on Darrel Vannoy." Defendant Rheams gave a verbal order to refer to him as Warden Vannoy, and Plaintiff responded with, "F*ck you and Darrel Vannoy." Defendant Rheams then conducted a strip search of the plaintiff, pursuant to standard procedure, because the plaintiff was being moved to Investigative Segregation. *See* R. Doc. 78-4.

In his Deposition, the plaintiff stated that he was standing at the bars of his cell watching TV when Colonel Rheams stopped by his cell and asked what he was looking at. Plaintiff told defendant Rheams that he was looking at the TV. Defendant Rheams then told the plaintiff to strip

and conducted a visual cavity search. Defendant Rheams smiled during the search and at one point instructed the plaintiff to go slowly. Defendant Rheams ordered a female officer to record the search. *See* R. Doc. 78-3. In his Deposition and at his Disciplinary Hearing, the plaintiff denied saying any of the things alleged to have been said by defendant Rheams and suggested that search was done in retaliation for a prior PREA complaint. *See* R. Doc. 75.

Defendant Rheams asserts in his declaration that it would have been out of character to smile during a strip search and that he was wearing a mask due to the COVID pandemic. He also asserts that if he told the plaintiff to go slowly, he meant for the plaintiff to not make any quick or sudden movements and it was not said with malicious intent. *See* R. Doc. 78-4. In his ARP Statement, defendant Rheams asserts that he ordered Captain Reed to record the search due to the plaintiff's behavior. *See* R. Doc. 56-1, p. 14.

In short, defendant Rheams asserts that the strip search was conducted because the plaintiff was being moved to Investigative Segregation due to three rule violations. The plaintiff denies any behavior that would result in a rule violation and that he was simply standing at his cell bars watching TV when he was told to strip. As such, the parties have offered competing versions of events regarding the need/justification for the strip search. Defendant Rheams contends that there was a need for the search, while Plaintiff contends that there was not.

There is video surveillance footage of the interaction, but the video has no sound; therefore, it is not possible to ascertain what was said by the plaintiff or the defendants. The video shows that at approximately[1] 9:39 a.m. defendants Rheams and Arnold arrive on the tier. At 9:39:20 defendant Rheams approaches the plaintiff's cell and a conversation began between the plaintiff and defendant Rheams as defendant Arnold walked over. A female officer arrives on the scene at 9:40:27. At 9:42:37 the plaintiff is seen handing his clothes to defendant Rheams through the bars. The

---

[1] All times are approximate.

plaintiff's clothes are returned to him at 9:43:11 and defendant Rheams begins to apply wrist restraints at 9:44:35. Defendant Rheams then begins to apply ankle restraints at 9:45:32. The plaintiff is removed from his cell at 9:45:58.

As such, the entire encounter lasted about six minutes with the strip search lasting only around one to two minutes which suggests there was no undue delay in executing the search. Additionally, the video does show that defendant Rheams' face was covered by a mask; therefore, it may have been difficult for the plaintiff to see that defendant Rheams was smiling as he alleges to show malicious intent on the part of defendant Rheams. However, this Court may not, on summary judgment, evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. Accordingly, on the record before the Court, the defendants' Motion for Summary Judgment should be denied with regards to defendant Rheams as the parties have offered competing versions of events with regards to the need/justification for the search.

With regards to defendant Arnold, the record before the Court does not show the requisite personal involvement in the complained of search. Nothing in the record suggests that defendant Arnold ordered the search or controlled it in any manner. Rather, defendant Arnold was merely present during the search and plaintiff alleges that he was a supervisor. Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). As such, the defendants' Motion for Summary Judgment should be granted as to defendant Arnold.

**RECOMMENDATION**

It is recommended that Defendants' Motion for Summary Judgment (R. Doc. 78) be

**GRANTED**, **in part**, and that the plaintiff's claims against defendant Arnold be **DISMISSED**

**WITH PREJUDICE**. It is further recommended that, in all other regards, the Motion (R. Doc. 78)

be **DENIED** and that this matter be referred back to the Magistrate Judge for further proceedings

herein.

Signed in Baton Rouge, Louisiana, on October 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**